CLERK'S OFFICE U.S. DIS
AT ROANOKE, VA
FILED

JUL 2 3 2014

JULIA C. DUDLEY, C
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| LEWIS "WALLY" MINOR, JR., ) | Civil Action No. 3:14CV00019 |
| Plaintiff, ) | |
| ) | **MEMORANDUM OPINION** |
| v. ) | |
| ) | Hon. Glen E. Conrad |
| TYSON FOODS, INC. T/A ) | Chief United States District Judge |
| TYSON FARMS, INC., ) | |
| ) | |
| Defendant. ) | |

Lewis Minor, proceeding pro se, filed this action in the Circuit Court of Louisa County against Tyson Foods, Inc. ("Tyson"). The defendant removed the case to this court, and then moved to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In response, the plaintiff filed a "motion to quash defendant's removal petition until Virginia Code § 8.01-266 is satisfied." For the following reasons, the motion to quash will be denied, and the plaintiff will be required to file a response to the defendant's motion to dismiss within fifteen days.

## Background

The plaintiff originally filed this action against Tyson in the Circuit Court of Louisa County. On May 12, 2014, Tyson removed the action to this court on the basis of diversity jurisdiction, and the fact that Minor's complaint asserts violations of federal law.

On June 12, 2014, Tyson moved to dismiss the complaint for failure to state a claim. The following day, the court issued a Roseboro* notice directing the plaintiff to file a response within fifteen days, and advising him that the case would be dismissed for failure to prosecute if he did not file some response within the fifteen-day period.

---

* Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975).

On July 8, 2014, the plaintiff filed the instant motion to quash the removal notice. The plaintiff contends that he is entitled to "filing fees and other costs" pursuant to Virginia Code § 8.01-266, and that this case should not proceed in federal court until the fees and costs are paid by the defendant.

**Discussion**

Having considered the plaintiff's motion, and the defendant's response thereto, the court concludes that the motion must be denied. The statute on which the plaintiff relies authorizes state courts to "award an amount necessary to compensate a party for such inconvenience, expense, and delay as he may have been caused by the commencement of [a] suit in a forum to which an objection [to venue], pursuant to § 8.01-264, is sustained or the bringing of a frivolous motion to transfer [venue]." Va. Code § 8.01-266. The court agrees with Tyson that the statute is clearly inapplicable in this case. Tyson did not seek to "transfer" venue within the state court system, much less file a "frivolous motion to transfer." Id. Instead, Tyson removed the case from state court to federal court, pursuant to 28 U.S.C. §§ 1441 and 1446. Accordingly, the plaintiff is not entitled to relief under § 8.01-266.

To the extent the plaintiff's filing could be construed as a motion to remand, the motion is untimely. Pursuant to 28 U.S.C. § 1447(c), "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." Here, the plaintiff's motion was not mailed until July 5, 2014, nearly eight weeks after Tyson's notice of removal was filed, and it is undisputed that the court has subject matter jurisdiction over this action. See 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."); 28 U.S.C. § 1332(a) ("The district courts shall have original

2

jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . Citizens of different States.").

## Conclusion

For the reasons stated, the plaintiff's motion to quash will be denied. The plaintiff will be directed to file a response to the defendant's motion to dismiss within fifteen days.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff and all counsel of record.

ENTER: This 23rd day of July, 2014.

/s/ Glen Conrad
Chief United States District Judge